*James M. York, A. J. Auxien, for appellant.*

*G. A. Brown, for appellee.*

---

## COMMONWEALTH *v.* T. J. CRAWFORD.

[Kentucky Law Reporter, Vol. 2—210.]

**Criminal Law—Obstructing Public Highway.**

In an indictment for obstructing a public highway it is necessary to describe the highway claimed to have been obstructed, and a description is not sufficient which describes a highway only by giving its number. There should be such a description as will enable one familiar with the county to know from reading the indictment what road was intended.

### APPEAL FROM BOYLE CIRCUIT COURT.

February 3, 1881.

OPINION BY JUDGE COFER:

The indictment charges the offense of obstructing a public highway, and the omission of the word obstruct in the statement of the manner in which the offense was committed did not vitiate the indictment. There is enough in the indictment to enable a person

of common understanding to know what offense was intended to be charged.

But we are of the opinion that there was not a sufficient description of the road alleged to have been obstructed. It is described as road No. 36, in Boyle county, so designated and numbered by the Boyle County Court. It is true the grand jury say the exact point where said road begins and ends is unknown to them, but, while this must be taken to be true, it by no means follows that some more definite and certain description could not have been given. It is not sufficient that the defendant might have learned from the county court records which road was referred to. There should have been such a description as would have enabled one familiar with the county to know from reading the indictment what road was intended. From the very nature of the case the court knows that such a description could have been given as would have enabled one familiar with the roads of the county to know what road the defendant was charged with obstructing. The demurrer was properly sustained.

*P. W. Hardin, for appellant.*
*Durham & Jacobs, for appellee.*